IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROGER GAYLEN LIND, JR., § <br> § <br> Plaintiff, § <br> v. § <br> § <br> SIXTH DISTRICT COURT OF LAMAR § <br> COUNTY, § <br> § <br> Defendant. § | CIVIL ACTION NO. 4:22-CV-00343-ALM-CAN |

### REPORT AND RECOMMENDATION AND ORDER
### OF THE UNITED STATES MAGISTRATE JUDGE

On April 25, 2022, *pro se* Plaintiff Roger Gaylen Lind, Jr. ("Plaintiff") filed a Complaint in the Eastern District of Texas [Dkt. 1]. On that same date, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application to Proceed *In Forma Pauperis*") [Dkt. 3]. On April 27, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis* [Dkt. 4] and further ordered Plaintiff to pay an initial partial filing fee of $27.67 no later than thirty days from receipt [Dkt. 4 at 2]. Therein, the Court warned Plaintiff that "[f]ailure to pay the initial partial filing fee or to show that Plaintiff has insufficient assets or means by which to pay the initial partial filing within thirty days may result in a dismissal of Plaintiff's Complaint without further notice." [Dkt. 4 at 2]. Plaintiff acknowledged receipt of the Court's April 27 Order on April 29, 2022 [Dkt. 6]. On June 8, 2022, Plaintiff filed a further "Motion to Proceed 'PRLA' Indigency" [Dkt. 8]. The Court construed Plaintiff's Motion as a request to reconsider the amount of the initial partial filing fee and directed Plaintiff to submit an updated copy of his inmate data sheet within fourteen (14) days; the Court again warned that "[f]ailure to comply may result in the dismissal of this case" [Dkt. 9 at 2]. On December 22, 2022, Plaintiff acknowledged receipt of the

REPORT AND RECOMMENDATION – Page 1

Court's Order [Dkt. 10]. However, to date, Plaintiff has failed to submit an updated copy of his inmate data sheet or to pay his assessed initial partial filing fee.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's Orders related to consideration of his request to proceed *in forma pauperis* [Dkts. 6; 7]. Thus, the present case should be dismissed. *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020); *Guevara v. Paul*, No. 6:17CV176, 2018 WL 7412985, at *1 (E.D. Tex.

July 16, 2018) ("Guevara's failure to submit a certified inmate trust account data sheet as ordered means his lawsuit may be dismissed for failure to prosecute or to obey an order of the Court.").[1]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to comply with the Court's order requiring payment of the initial partial filing fee, provision of a complete application to proceed *in forma pauperis*, and has not filed any other request for relief since the most recent Order. Plaintiff has failed to act. However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

It is further **ORDERED** that Plaintiff's "Motion to Proceed 'PRLA' Indigency" [Dkt. 8] is **DENIED**.

**SIGNED this 18th day of January, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE